1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY CHAPMAN, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>THE BLUFFS OF FOX RUN<br>HOMEOWNERS ASSOCIATION,<br><br>                Defendant. | Case No. 16-cv-489-BAS(AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 14]** |

Melody Chapman and her minor daughters M.C. and E.C. and Yaji Tramontini and her minor son N.L. ("Plaintiffs") bring this suit against The Bluffs of Fox Run Homeowners Association ("The Bluffs") alleging violations of the Fair Housing Act ("FHA"), California Fair Employment and Housing Act ("FEHA"), California Unruh Civil Rights Act ("UCRA"), and California Unfair Business Practices Act, Calif. Bus. & Prof. Code §§17200 *et seq.* ("UCL"). The Bluffs moves to dismiss the fourth cause of action alleging violations of the California Unfair Business Practices Act and to strike the prayer for punitive damages. (ECF No. 14.)

//

1    The Court finds this motion suitable for determination on the papers submitted
2    and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the
3    reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART**
4    Defendant's motion.

5

6    I.    **BACKGROUND**[1]

7        The Bluffs operates and manages the condominiums where the Plaintiffs live.
8    (FAC ¶¶ 4, 12-13.) Plaintiffs allege The Bluffs enforced rules that discriminate
9    against families with children by prohibiting children from playing in the common
10   areas and posting signs that illegally discriminated against children. (FAC ¶¶ 15, 22.)

11       Plaintiffs claim The Bluffs' Board Member Edward Homer told Ms. Chapman
12   and Ms. Tramontini that children were not allowed to ride bicycles in common areas
13   and were not allowed to play in common areas with any type of toy that had wheels.
14   (FAC ¶¶ 16-17, 19.) Plaintiffs further allege Mr. Homer told Ms. Chapman "this
15   community is not meant for small children. Kids are supposed to play in the grass
16   area next to the pool." (FAC ¶ 18.)

17       Plaintiffs also claim The Bluffs' Board Member Elliot Hurwitz told Ms.
18   Tramontini that "children were not to play in the common area . . . needed to be kept
19   quiet," and were not allowed to jump into the pool. (FAC ¶¶ 20-21.)

20       As a result, Plaintiffs claim they have:
21           suffered loss of important housing opportunities, violation
             of their civil rights, deprivation of the full use and
22           enjoyment of their tenancy and emotional distress and
             physical injury, humiliation and mental anguish, fear,
23           stress, including bodily injury such as stomach aches;
             headaches; general muscle aches and pain, sleep loss;
24           feelings of depression, discouragement, anger and
             nervousness; and relives the experience; and other special
25           damages.
26

27

28   _____
         [1] Plaintiff's First Amended Complaint ("FAC") is the operative complaint in this action.
     (ECF No. 11.)

1   (FAC ¶ 25.) Plaintiffs claim The Bluffs "intentionally and recklessly violated
2   Plaintiffs' civil rights" and accordingly Plaintiffs are entitled to punitive damages.
3   (FAC ¶ 26.)

4

5   ## II.   LEGAL STANDARD

6     A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
7   Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.
8   Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must
9   accept all factual allegations pleaded in the complaint as true and must construe them
10  and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill*
11  *v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule
12  12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather,
13  it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*
14  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility
15  when the plaintiff pleads factual content that allows the court to draw the reasonable
16  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
17  556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint
18  pleads facts that are 'merely consistent with' a defendant's liability, it stops short of
19  the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S.
20  at 678 (quoting *Twombly*, 550 U.S. at 557).

21    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
22  relief' requires more than labels and conclusions, and a formulaic recitation of the
23  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting
24  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need
25  not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference
26  the court must pay to the plaintiff's allegations, it is not proper for the court to assume
27  that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants
28  have violated the . . . laws in ways that have not been alleged." *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)." *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009). "Rule 12(f) does not authorize district courts to strike claims for damages on the grounds that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-5 (9th Cir. 2010). "However, where a motion is in substance a Rule 12(b)(6) motion but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a 12(b)(6) motion," which, as the parties in this case agree, applies the same standards of proof and evidence. *Consumer Solutions*, 658 F. Supp. 2d at 1021.

As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.    DISCUSSION

### A.    Violation of UCL

The California Unfair Business Practices Act "prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'" *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (quoting Calif. Bus. & Prof. Code § 17200). It contains "broad, sweeping language" that was ultimately curtailed by Proposition 64, which limited those who may enforce its provisions. *Id.*

The intent of Proposition 64 "was to confine standing to those actually injured by a defendant's business practices and to curtail the prior practice of filing suits on

behalf of 'clients who have not . . . had any . . . business dealing with the defendant.'" *Id.* at 321 (quoting *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 228 (2006)). Thus, Proposition 64 limited standing for private individuals to those who "ha[d] suffered injury in fact and ha[d] lost money or property as a result of such unfair competition." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008) (quotation marks omitted). "[A]n injury in fact is an invasion of a legally protected interest which is concrete and particularized . . . and actual or imminent, not conjectural or hypothetical." *Kwikset*, 51 Cal. 4th at 322 (quotation marks omitted). "Particularized" means that the "injury must affect the plaintiff in a personal and individual way." *Id.* A plaintiff must also show he or she suffered an economic injury caused by the unfair business practice, which can include having a present or future property interest diminished or being deprived of property to which he or she has a cognizable claim. *Id.*

Plaintiffs allege The Bluffs discriminated against them in violation of the FHA and the FEHA. Thus, they allege invasion of a legally protected interest that affected them in a personal and individual way. They also allege they were unable to fully use their tenancy because their children were not allowed full access to the common areas. Thus, they allege diminution of a present or future property interest, which can constitute an economic injury. Hence, Defendant's motion to dismiss the fourth cause of action is **DENIED**.

### B. Punitive Damages

The Bluffs moves to strike the punitive damages allegations claiming these damages are not available as a matter of law. (Def.'s Mot. 8:27-28, ECF No. 14-3.) The Bluffs fails to show that the punitive-damages claims are "redundant, immaterial, impertinent or scandalous" as required by Rule 12(f). In fact, The Bluffs is claiming the allegations in the complaint are insufficient to rise to the level of punitive damages. Hence, the Court will construe to motion, incorrectly brought as a motion

1    to strike, as a motion to dismiss pursuant to Rule 12(b)(6).

2

3                 **1.      Punitive Damages under Federal Law (FHA)**

4          "[P]unitive damages may be assessed under 42 U.S.C. § 1983 when a

5    defendant's conduct is shown to be motivated by evil motive or intent, or if it involves

6    reckless or callous indifference to the federally protected rights of others." *Fair*

7    *Housing of Marin v. Combs*, 285 F.3d 899, 916 (9th Cir. 2002). Punitive damages

8    may be awarded "in a civil rights case where a jury finds a constitutional violation,

9    even when the jury has not awarded compensatory or nominal damages." *Alexander*

10   *v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000) (citing *Curtis v. Loether*, 415 U.S. 189

11   (1974)).

12         In *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), the Supreme Court

13   discussed the "reckless or callous indifference" standard  in the context of

14   employment discrimination, finding that to warrant punitive damages "an employer

15   must at least discriminate in the face of a perceived risk that its actions will violate

16   federal law." *Kolstad*, 527 U.S. at 536. Thus, the required "recklessness" applies, not

17   to the defendant's awareness that it is engaging in discrimination, but to its

18   knowledge that it may be acting in violation of federal law. *Id.* at 535. If the employer

19   is simply unaware of the prohibition or believes its conduct to be lawful, this is

20   insufficient for punitive damages. *Id.* The *Kolstad* standard has been found to be

21   applicable to the Federal Housing Act context. *See Badami v. Flood*, 214 F.3d 994,

22   997 (8th Cir. 2000); *Alexander*, 208 F.3d at 431.

23         Oppressive conduct may also be a proper predicate for punitive damages in a

24   civil-rights case. *Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005). "An act or

25   omission is oppressive . . . 'if done in a manner which injures or damages or otherwise

26   violates the rights of another person with unnecessary harshness or severity as by

27   misuse or abuse of authority or power or by taking advantage of some weakness or

28   disability or the misfortunes of another person.'" *Id.* (quoting *Fountila v. Carter*, 571

F.2d 489, 493 (9th Cir. 1978)). Oppressive conduct focuses on the relative positions of power and authority between the parties. *Id.* at 810.

In the FAC, Plaintiffs simply allege that The Bluffs "intentionally and recklessly violated their civil rights." (FAC ¶ 26.) The facts alleged in the FAC fail to show an evil motive or intent. Plaintiffs fail to allege The Bluffs knew it was acting in violation of federal law, nor do they allege any abuse of authority or power. Since Plaintiffs allege little more than legal conclusions and a formulaic recitation of the "intentional and reckless" standard for punitive damages, they fail to state a claim for punitive damages that is plausible on its face. *See Twombly*, 550 U.S. at 555.

### 2.   Punitive Damages under California Law (FEHA & UCRA)

Punitive damages may be recovered under the California Fair Employment and Housing Act "where the defendant has been guilty of oppression, fraud, or malice[.]" *Commodore Home Sys. v. Superior Court*, 32 Cal. 3d 211, 215 (1982) (quoting Cal. Civ. Code § 3294(a)). Similarly, punitive damages under the Unruh Civil Rights Act are available upon the same showing. *Los Angeles Co. Metro. Transp. Auth. v. Superior Court*, 123 Cal. App. 4th 261, 276 (2004); Cal. Civ. Code § 52(b)(1). "Oppression" refers to "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). "Malice" means conduct "which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.*

As discussed above, Plaintiffs fail to allege any facts that would support this standard. They fail to state facts that would support a finding The Bluffs was acting "in conscious disregard" of Plaintiffs' rights or that The Bluffs intended to cause injury. The conclusory allegation that The Bluffs acted "intentionally and recklessly" is insufficient. Hence, Defendant's motion to dismiss the allegations with regard to punitive damages is **GRANTED**.

## IV.     CONCLUSION & ORDER

For the reasons stated above, Defendant's motion to strike is converted into a motion to dismiss, and the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 14.) The motion is denied to the extent Defendant requests dismissal of the Fourth Cause of Action for a violation of the California Unfair Business Practices Act. The motion is granted to the extent Defendant requests dismissal of any punitive-damages allegations.

Because Plaintiffs may be able to allege additional facts that will show they are entitled to punitive damages under the standards articulated above, they are given leave to amend. The scope of leave to file an amended complaint is limited to amending *only* as to punitive damages in order to allege additional facts that cure the defects identified in this order. Plaintiffs may not plead additional claims, add additional parties, or add allegations that are not intended to cure the specific defects the Court has noted. Should any amended complaint exceed the scope of leave to amend granted by this order, the court will strike the offending portions under Rule 12(f).  *See* Fed. R. Civ. P. 12(f) ("The court may [act on its own to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *see also Barker v. Avila*, No. 2:09-cv-00001-GEB-JFM, 2010 WL 3171067, at *1-2 (E.D. Cal. Aug. 11, 2010) (striking an amendment to federal-law claim where the court had granted leave to amend only state-law claims).

If Plaintiffs choose to file an amended complaint, they must do so no later than **<u>January 2, 2017</u>**.

**IT IS SO ORDERED.**

DATED:  December 12, 2016

Hon. Cynthia Bashant
United States District Judge